IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LIONEL KERSH,

          Plaintiff,

    v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:13-cv-00582-SI

OPINION AND ORDER

Lionel Kersh, Unit 1-2L-Cell-19#, Box #1010, Canon City, CO 80215, *pro se*.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902. Attorneys for Defendant.

PAGE 1, OPINION AND ORDER

**Michael H. Simon, District Judge.**

Plaintiff Lionel Kersh, *pro se*, an inmate in the Fremont Correctional Facility, sued the Social Security Administration in state small claims court, seeking the reissuance of a benefits check that was allegedly cashed by a third party. The Social Security Administration ("Defendant") removed the lawsuit to this Court and moves to dismiss Plaintiff's claim. For the reasons set forth below, Defendant's motion is granted; Plaintiff may have 30 days from the date of this Opinion and Order to file an amended complaint that cures the deficiencies identified herein.

## BACKGROUND

In 1999, Plaintiff was allegedly entitled to receive from Defendant Social Security benefits, which Plaintiff styles as a "child support check."[1] Dkt. 1, Ex. 2, at p. 5; Dkt. 6, at p. 1. While receiving benefits, Plaintiff relocated to Denver, Colorado, and he may have failed to have his benefits transferred to his new address. Dkt. 6, at p. 1. Defendant later issued Plaintiff's "last" benefits check and sent it to his former address in Portland, Oregon. Dkt. 1, Ex. 2, at p. 1. An unknown third party allegedly forged Plaintiff's signature and cashed the benefits check, apparently valued at $500. *Id.*; Dkt. 1, Ex. 2, at 1. According to Plaintiff, Defendant is legally obligated to "reissue any SSI benefits [he] did not receive." Dkt. 6, at p. 1. More than ten years later, on August 11, 2012, and September 4, 2012, Plaintiff sent letters to Defendant's Portland office regarding this issue. Dkt. 1, Ex. 2, at pp. 4-6.

---

[1] Plaintiff's complaint is hand written and somewhat difficult to read. Additionally, the basis of Plaintiff's allegations is located among several filings, specifically Docket Numbers 1, 6, and 7.

On May 25, 2013, Plaintiff filed suit in the Small Claims Department of the Multnomah County Circuit Court, seeking $500.[2] Dkt. 1, Ex. 2, at p. 1. Defendant removed this action from state court on April 4, 2013, pursuant to 28 U.S.C. § 1442(a)(1). Dkt. 1. On May 28, 2013, Defendant moved to dismiss, arguing that Plaintiff's claim is barred by the statute of limitations, a failure to exhaust administrative remedies, and sovereign immunity. Dkt. 8. Plaintiff has not filed a responsive brief.

## STANDARDS

"Federal courts are courts of limited jurisdiction," and there is a presumption "that a cause [of action] lies outside this limited jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or . . . the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Id.*

A court must liberally construe *pro se* complaints, including matters from prisoners. *United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2000). "A *pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987),

---

[2] Plaintiff previously filed a similar suit in the United States District Court for the District of Colorado, which the court dismissed. *See Kersh v. Portland, Or. Soc. Sec. Adm'r, Soc. Sec. Office, SE Div.*, No. 11-CV-03001-BNB, 2012 WL 95213 (D. Colo. Jan. 12, 2012) (requesting money damages pursuant to 42 U.S.C. § 1983 and mandamus relief).

*superseded on other grounds by statute as recognized in Lopez v. Smith*, 203 F.3d 1122 (9th

Cir. 2000)).

## ANALYSIS[3]

Defendant moves to dismiss Plaintiff's complaint on three grounds: (1) the suit is barred

by the applicable statute of limitations; (2) Plaintiff failed to exhaust his administrative remedies;

and (3) Defendant has not waived sovereign immunity from suit. Defendant characterizes

Plaintiff's claim as one for the tort of conversion. Under Oregon law, conversion is the

"intentional exercise of . . . control over a chattel which so seriously interferes with the right of

another to control it that the actor may justly be required to pay the other the full value of the

chattel." *Mustola v. Toddy*, 456 P.2d 1004, 1007 (Or. 1969) (quoting Restatement (Second) of

Torts, § 222A (1965)). Inherent in the definition of conversion, however, is the requirement that

the Plaintiff had a right to control the converted chattel before the deprivation. *See id.*

("interferes with the *right of another* to control [the chattel]") (emphasis added). Here, Plaintiff

does not claim that Defendant dispossessed him of the benefits check; rather, Plaintiff claims that

Defendant, pursuant to "Government Policy and Procedures," is "legally obligated to reissue any

SSI benefits [Plaintiff] did not receive." Dkt. 6, at p. 1. Because the Court must give *pro se*

complaints "liberal construction," the Court considers Plaintiff's claim as one for both the tort of

conversion (as Defendant characterizes it) and as a request to review or compel agency action

pursuant to the Social Security Act, 42 U.S.C. §§ 401-34.

---

[3] On May 24, 2013, Plaintiff filed a motion styled, "Motion to Transfer My Civil Suit
Matter to a More Sensible, Intellectual, [*sic*] Judge with a Fast Pace Way of Thinking." Dkt. 10.
The Court construes this motion as one for recusal. *In re Bernard*, 31 F.3d 842, 843 (9th Cir.
1994) (resolving a recusal motion is the responsibility of the judge whose role is questioned).
Prior to the recusal motion and before Defendant moved to dismiss, Plaintiff filed two other
pleadings that urged the Court to hasten its consideration of this case. *See* Dkts. 6, 7. Because
"information gained in the course of the proceedings" is insufficient to warrant recusal,
Plaintiff's motion (Dkt. 10) is DENIED. *See Matter of Beverly Hills Bancorp*, 752 F.2d 1334,
1341 (9th Cir. 1984).

The Federal Government and its agencies, including the Social Security Administration, are immune from suit absent a waiver of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Because sovereign immunity is a jurisdictional issue, the terms of the United States' consent to suit "define [a] court's jurisdiction to entertain the suit." *Id.*; *see also Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)) ("Absent a waiver of sovereign immunity, courts have no subject matter jurisdiction over cases against the government."). Any waiver of sovereign immunity must be "unequivocally expressed," and it will be strictly construed in favor of the sovereign. *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 34 (1992).

**A.  Social Security Act Claim**

The Social Security Act includes a narrow waiver of sovereign immunity. *See* 42 U.S.C. §§ 405(g), (h). Pursuant to the Act, a plaintiff may seek judicial review of a "final decision" of the Commissioner. 42 U.S.C. § 405(g). A final decision includes a waivable component—exhaustion of Defendant's prescribed administrative remedies—and a nonwaivable component—the presentation of the claim to Defendant, resulting in a reviewable decision. *See Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). Administrative exhaustion necessarily includes "all three stages of the administrative appeals process." *See Bowen v. City of N.Y.*, 476 U.S. 467, 482 (1986); *see also* 20 C.F.R. §§ 404.900, 416.1400 (describing the four step administrative process as including an initial determination, reconsideration, a hearing before an administrative law judge, and review by the Appeals Council).

Using a three-part test, a court may find a waiver of the administrative exhaustion requirement for a plaintiff's claim. *See Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) (citing *Eldridge*, 424 U.S. at 330). To effect a waiver, "the claim must be (1) collateral to a

substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Id.*

Even assuming Plaintiff's claim meets the standard for collaterality, he cannot show that the standards for irreparability or futility are met. At a minimum, irreparable harm requires "economic hardship," which includes "the experience or the entire effect of several months without food, shelter or other necessities." *Kildare v. Saenz*, 325 F.3d 1078, 1083 (9th Cir. 2003) (quoting *Briggs v. Sullivan*, 886 F.2d 1132, 1140 (9th Cir. 1989)). Here, Plaintiff's alleged economic deprivation occurred more than ten years ago. Further, he currently is incarcerated in a correctional institution, which by its nature negates any chance that Plaintiff will be without "food, shelter or other necessities." In *Eldridge*, the Supreme Court focused its irreparability analysis on the plaintiff's inability to be made whole "through retroactive payments." *Eldridge*, 424 U.S. at 331. Because Plaintiff is asking for nothing more than the retroactive payment of a single benefits check, he cannot establish an irreparable injury.

Further, requiring the exhaustion of administrative remedies is futile when "nothing is gained from permitting the compilation of a detailed factual record, or from agency expertise." *Kildare*, 325 F.3d at 1084 (internal quotations and citations omitted). In other words, will the agency be likely to "correct its own errors through administrative review?" *Johnson*, 2 F.3d at 922. Aside from two letters sent to Defendant in August and September of 2012, Plaintiff has produced no evidence that he has otherwise availed himself of Defendant's administrative procedures. Moreover, Plaintiff does not attack a specific policy of Defendant, which is an issue "purely of statutory construction." *Briggs*, 886 F.2d at 1140. Instead, Plaintiff alleges that Defendant's policies and procedures compel Defendant to reissue the benefits check. *See, e.g.*,

Dkt. 6, at p. 1. In this instance, a sound resolution of Plaintiff's grievance would benefit from a complete factual record and Defendant's application of its own regulations in resolving this matter. *See Kildare*, 325 F.3d at 1084 (declining to find waiver when each claimant's case required a particularized interpretation and application of the relevant regulations).[4]

In sum, Plaintiff's claim as presently stated does not warrant the Court finding a waiver of the requirement that Plaintiff exhaust his administrative remedies. Accordingly, Plaintiff's claim is barred by sovereign immunity, rendering the Court without subject matter jurisdiction. *See* 42 U.S.C. § 405(h) ("No . . . decision of the Commissioner of Social Security shall be reviewed by any . . . tribunal . . . except as herein provided.").

A *pro se* litigant, however, must be given leave to amend his or her complaint unless it is "absolutely clear" that the complaint's deficiencies cannot be cured. *See Karim-Panahi*, 839 F.2d at 623. Because the record before the Court does not contain any evidence, aside from the two letters, that Plaintiff may have already exhausted, much less used, Defendant's administrative procedures, Plaintiff will be given leave to amend his complaint. Within 30 days from the date of this Opinion and Order, Plaintiff may file an amended complaint that corrects the defects identified herein. If Plaintiff does not correct these deficiencies with a timely filed first amended complaint, this case will be dismissed.

**B.  Conversion Claim**

Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's conversion claim because Plaintiff did not exhaust his administrative remedies. The Federal Tort Claims Act ("FTCA") provides a waiver of sovereign immunity, in certain cases, only after a

---

[4] Because "administrative review [can] correct" the errors alleged by Plaintiff, if there are such errors, Plaintiff cannot state a claim for mandamus relief pursuant to 28 U.S.C. § 1361. *See Kildare*, 325 F.3d at 1084-85 (denying the claimants' mandamus claim because administrative review was "an adequate alternative remedy").

plaintiff exhausts his or her administrative remedies. *See McNeil v. United States*, 508 U.S. 106,

113 (1993) (describing the exhaustion requirement as a "clear statutory command"); *see also*

*Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) ("The requirement of an administrative

claim is jurisdictional."). A plaintiff may not file such a suit requesting money damages unless:

> the claimant shall have first presented the claim to the appropriate Federal agency and his
> claim shall have been finally denied by the agency in writing and sent by certified or
> registered mail. The failure of an agency to make final disposition of a claim within six
> months after it is filed shall . . . be deemed a final denial of the claim for purposes of this
> section.

28 U.S.C. § 2675(a). A claim is presented to an agency in satisfaction of § 2675(a) when:

> a Federal agency receives from a claimant . . . an executed Standard Form 95 or other
> written notification of an incident, accompanied by a claim for money damages in a sum
> certain for injury to or loss of property  . . . alleged to have occurred by reason of the
> incident; and the title or legal capacity of the person signing.

28 C.F.R. § 14.2.

Between August and September of 2012, Plaintiff sent two letters to the Portland, Oregon

office of the Social Security Administration. *See* Dkt. 1, Ex. 2, at p. 4-6. Although the letters are

somewhat difficult to decipher, Plaintiff attempted to describe his claim, include "a sum certain"

for his injury, and include his signature and title ("Lionel Kersh, the untouchable diplomatic

moral king"). *Id.* at p. 4-5. Based on this uncontroverted evidence, Plaintiff has provided

sufficient written notice. *See* 28 C.F.R. § 14.2; *see also Warren v. U.S. Dep't of Interior Bureau*

*of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (*en banc*) (holding § 2675(a) is satisfied

through similar means). Further, Defendant produced no evidence demonstrating it responded to

Plaintiff's letter, which might satisfy the "final disposition" requirement, rendering Plaintiff's

claim untimely. As such, because Plaintiff filed his complaint more than six months after his

September 2012 letter, Plaintiff's conversion claim is not barred by 28 U.S.C. § 2675(a).

Defendant also argues that the Court does not have subject matter jurisdiction over Plaintiff's claim because the FTCA does not waive sovereign immunity for claims of conversion. By its terms, the FTCA does not apply to: "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Although court have described § 2680(h) as the "intentional tort exception," *see, e.g.*, *United States v. Shearer*, 473 U.S. 52, 54 n.1 (1985),  "[t]his shorthand description is not entirely accurate. Section 2680(h) does not remove from the FTCA's waiver all intentional torts, *e.g.*, conversion and trespass." *Levin v. United States*, 133 S. Ct. 1224, 1228 n.1 (2013) (citing *United States v. Neustadt*, 366 U.S. 696, 702 (1961)). As such, to the extent Plaintiff alleges a claim for conversion, Plaintiff's claim is not categorically exempted from the FTCA's waiver of sovereign immunity.

Finally, Defendant argues that Plaintiff's claim must fail because Plaintiff brought it outside of the applicable statute of limitations, depriving the Court of subject matter jurisdiction. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). This time limit is jurisdictional. *See Marley v. United States*, 567 F.3d 1030, 1035-36 (9th Cir. 2009); *McGraw v. United States*, 281 F.3d 997, 1001 (9th Cir. 2002), *amended on denial of reh'g*, 298 F.3d 754. As such, equitable estoppel and equitable tolling cannot excuse the untimeliness of a plaintiff's claim. *See Marley*, 567 F.3d at 1037.

Plaintiff does not explicitly describe when he received notice that a third party allegedly cashed his disability check. A claim accrues "when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Hensley v. United States*, 531 F.3d 1052, 1056 (9th

Cir. 2008) (internal citation and quotation marks omitted). Plaintiff's injury occurred when he did not receive the benefits check that he was allegedly entitled to receive. There is nothing properly before the Court that indicates that Plaintiff did not become aware of this deprivation until sometime within the two years before filing this action. Further, Plaintiff was apparently receiving benefits before his relocation to Colorado, which means that Plaintiff knew or should have known when his expected benefits check did not arrive more than ten years ago. *See* Dkt. 1, Ex. 1, at p. 1. Because Plaintiff had reason to know that he did not receive his benefits check by January 2000, Plaintiff's claim for conversion accrued on or around that date, which places his March 2013 filing far outside of the two-year statute of limitations for tort claims against the United States. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claim for conversion. *See Marley*, 567 F.3d at 1038.

## CONCLUSION

Defendant's motion to dismiss (Dkt. 8) is GRANTED, and the claims asserted are dismissed. Plaintiff's motion to recuse (Dkt. 10) is DENIED. Plaintiff is allowed 30 days to file an amended complaint that cures the deficiencies identified in this Opinion and Order.[5]

**IT IS SO ORDERED**.

DATED this 3rd day of July, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[5] Although Defendant was entitled to file evidence in support of its motion to dismiss, it did not do so. Accordingly, Plaintiff need not file anything other than an amended complaint that cures the deficiencies identified in this Opinion and Order. If Plaintiff so chooses, Plaintiff may attach evidence, including affidavits and documents, to his amended complaint. Plaintiff, however, is not required to submit any evidence at this stage.